## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID COLETTA, FOR HIMSELF     : | CIVIL ACTION |
| AND AS ATTORNEY IN FACT FOR    : | |
| JACQUELINE COLETTA             : | |
| 316 S. Providence Road         : | |
| Wallingford, PA. 19086         : | |
|                                : | No.  2012-cv- |
| v.                             : | |
|                                : | |
| BANK OF AMERICA[1], SUCCESSOR  : | |
| IN INTEREST TO WILSHIRE CREDIT : | |
| CORPORATION AND JP MORGAN      : | |
| CHASE BANK, AS TRUSTEE         : | |
| Bank of America Corporate Center : | |
| 100 N. Tryon Street            : | |
| CHARLOTTE NC 28255             : | |

## COMPLAINT IN CIVIL ACTION

**I.      PARTIES**

1.      Jacqueline Coletta and David Coletta (hereinafter cumulatively referred to as

"Coletta"), at all times relevant, were husband and wife, residing at 316 S. Providence Road,

Wallingford, PA 19086.  At all times relevant, David has and has exercised the Power of

Attorney granted him by Jacqueline Coletta.

2.      At all times relevant, JP Morgan Chase Bank was the Trustee for the Loan Trust

in which the mortgage that is the subject of this law suit was a part of the portfolio.

3.      At all times relevant, Wilshire Credit Corporation was the mortgage servicer for

the subject mortgage.

---

[1]Reference to "Bank of America" herein is intended to include reference to Wilshire Credit
Corporation as the predecessor in interest to Bank of America.

1

4.      Wilshire Credit Corporation went into insolvency and bankruptcy, and the servicing portfolio thereof was sold to Bank of America; Bank of America is the current servicer[2].

5.      Bank of America is and has been the servicer of the subject mortgage since Wilshire Credit Corporation is no longer in existence.  Bank of America's corporate address is as set forth in the caption hereto.

## II.    JURISDICTION AND VENUE

6.      Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332(a) as:

    a.      The amount in controversy exceeds $75,000.00 without consideration of interest and costs;

    b.      The parties are citizens of different states:

        (i)      Plaintiff is a Citizen of Pennsylvania;

        (ii)     Defendant is believed a citizen of New York state.

## III.   FACTUAL STATEMENT

Paragraphs one through and including six above are incorporated herein by reference as if set forth herein at length.

7.      On or about the 21st day of April, 2005, JP Morgan Chase Bank, as Trustee for the GSRPM Mortgager Loan Trust 2003-1, filed a Complaint in Mortgage Foreclosure (the "2005 Complaint") against David Coletta and Jacqueline Kauffman, also known as Jacqueline

---

[2] The servicer of a mortgage is one who is responsible for certain activities involved in mortgage administration and operations, such as receiving payments, ensuring hazard insurance on the property, overseeing payment of taxes (and hazard insurance), imposing late fees and other appropriate and applicable charges, and making distribution of proceeds to the real or beneficial owner of the mortgage, most commonly referred to as the "investor".  Often, the "servicer" is not the real owner of the mortgage.  In consideration therefor, the servicer derives for its own benefit fees, commissions, and other remuneration from the real owner of the mortgage.

Kauffman Coletta.   The docket entries of the 2005 Complaint, docketed in the Court of

Common Pleas of Philadelphia County as 050402590, are incorporated herein by reference.

8.      The subject mortgage and note that were the basis for the 2005 Complaint

provided that the collateral for the subject loan as evidenced by the note shall be four real

properties, to wit:

> 2719 S. 63rd Street
> Philadelphia, PA 19114
>
>
> 6206 Chelwynne Avenue
> Philadelphia, PA 19142
>
> 6914 Garman Street
> Philadelphia, PA 19142
>
> 6341 Dicks Avenue
> Philadelphia, PA 19142

9.      The mortgage is recorded in Mortgage Book M 1830, Page 428, and is

incorporated herein by reference.

10.     On or about March 15, Plaintiff achieved a summary judgment in the amount of

$155,172.99 plus costs against David and Jacqueline Coletta. *See* docket entries incorporated

herein by reference.

11.     On or about March 15, 2006, JP Morgan Chase Bank filed a Praecipe for a Writ

of Execution solely against the real property situate at 2719 S. 63rd Street, Philadelphia, Pa.,

19114 (the "subject premises"), to satisfy the judgment of record in this case, which judgment

was a lien on all of the properties subject to the mortgage. *See* docket entries incorporated herein

by reference.

12.     The sheriff's sale of the subject premises was scheduled for July 11, 2006. *See*

docket entries incorporated herein by reference.

13.     The sheriff's sale was postponed from July 11, 2006, to September 12, 2006, then further postponed to October 3, 2006. *See* docket entries incorporated herein by reference.

14.     The sheriff's sale occurred on October 3, 2006, and the subject premises was purchased by the attorney on the writ (the attorney for Plaintiff and for and on behalf of Plaintiff). *See* docket entries incorporated herein by reference.

15.     As the result of a defect, the sale was not consummated, and the Plaintiff filed a Motion to Return the Writ in order that respondent could complete its purchase of the subject premises.   The Order granting respondent's Motion was signed by the Court on January 4, 2007. *See* docket entries incorporated herein by reference.

16.     The docket entries establish that the sheriff's sale was conducted on October 3, 2006, for $6,800.00, and the transaction was consummated with finality on the 23rd day of March, 2007. *See* docket entries incorporated herein by reference.

17.     The sheriff's sale only sold the subject premises, but did **NOT** involve the three (3) other properties that are collateral for the mortgage and note. *See* docket entries incorporated herein by reference.

18.     Within six (6) months of the sheriff's sale date of October 3, 2006, JP Morgan Chase Bank did **NOT** file any action to fix the fair market value of the subject premises. *See* docket entries incorporated herein by reference.

19.     By letter agreement of September 29, 2006, JP Morgan Chase Bank's attorney memorialized its agreement with Colettas.  A true and correct copy of the letter , as of the filing of this Complaint, is not available, but will be appended to this Complaint as soon as located.

20.     The fourth full paragraph of the letter, derived from a memorandum thereon, states:

4

"Plaintiff and Defendant agree that Plaintiff retains all rights and interests in the Other Mortgaged Premises to the extent that the sale of 2719 S. 63rd Street, Philadelphia, PA is **insufficient** to satisfy Plaintiff's judgment in mortgage foreclosure." (Emphasis supplied.)

21.     Wilshire Credit Corporation issued a 2006, year-end, Internal Revenue Service Form 1099-A, setting forth its evaluation that the principal balance of the said loan was $94,035.62, and that the subject premises had a fair market value of $240,000.00. *See* Exhibit "A".

## IV.     CAUSE OF ACTION

22.     Therefore, Bank of America, successor in interest and current mortgagee and/or servicer of the subject mortgage on  the remaining properties has effectively admitted and acknowledged to a governmental authority (the Internal Revenue Service) that the fair market value of the subject premises purchased by Wilshire Credit Corporation's/Bank of America's "attorney on the writ" at sheriff's sale had a fair market value substantially in excess of the judgment of record in the captioned matter.

23.     In any event, and in addition to the admission that the subject premises purchased at sheriff's sale had a value at that time substantially in excess of the judgment, Bank of America post-sheriff's sale rights and interests are governed by 42 Pa. C.S. 8103 (the Pennsylvania "Deficiency Balance Act"), and Plaintiff did **NOT** comply in any respect with the Deficiency Balance Act.

a.     Bank of America failed "to present a petition to fix the fair market of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation)". *See* 42 Pa. C.S. 8103(d).

b.     In fact, no such petition has been filed in any respect.

24.     Therefore, the sale of the subject premises, to wit: 2719 S. 63rd Street, Philadelphia, PA, satisfied the outstanding indebtedness in full.

25.     Bank of America is not entitled to a profit, only reimbursement and restitution.

26.     The fair market value, as established and proffered by Bank of America evidences that the fair market value of the subject premises of the 2005 Complaint was more than sufficient to completely encompass and engross the outstanding balance of the mortgage covering the entirety of the properties subject to the mortgage.

27.     There is no money left on the note and mortgage obligation as they entirety of the mortgage was paid in full as stated by Colettas.

28.     Colettas are entitled to the difference between the fair market value of the subject premises and the outstanding balance of the mortgage at the time of the sheriff's sale pursuant to the judgment of the 2005 Complaint, or $145,964.38.

29.     Plaintiffs are thus entitled to a refund of the amount of the fair market value of the subject premises sold at sheriff's sale less the amount of the outstanding balance.

30.     The mortgage should be marked satisfied.

31.     The note should be marked "paid in full".

WHEREFORE, defendant asks for judgment against Plaintiff for the amount of $145,964.38, plus interest and that the mortgage be marked "satisfied" and the "note" marked "paid in full".

Respectfully submitted:

Stuart A. Eisenberg
Carol B. McCullough
McCullough Eisenberg, LLC
65 West Street Road, A-105
Warminster, PA 18974